IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHANDRA FORSHA, | : | Case No. 1:17-cv-00750 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER** |
| | : | |
| MIAMI VALLEY HOSPITAL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant the United States of America's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 5) and Plaintiff's Motion to Remand (Doc. 7). For the reasons that follow, the United States' Motion will be GRANTED and this civil action will be REMANDED.

## I. BACKGROUND[1]

This civil action arises from medical care provided to Kevin J. Forsha at Miami Valley Hospital in April 2016. (Complaint, Doc. 3 at PageID 24–25 (¶¶ 10–22, 27).) Mr. Forsha later died, and his wife Shandra Forsha, individually and as personal representative of Mr. Forsha's estate, sued the hospital and five other Defendants, including Aaron Joseph Schneider, M.D. (*Id.* at PageID 21–22 (Caption; ¶¶ 1, 2).) She filed her Complaint in the Warren County, Ohio Court of Common Pleas on October 6, 2017. (*Id.* at PageID 21 (Caption).)

On November 8, 2017, Defendant Schneider removed the case from Warren County to the Southern District of Ohio pursuant to 28 U.S.C. § 1442(a)(1). (Notice of Removal, Doc. 1.) In support, Dr. Schneider attached the Certificate of Scope of Employment completed by

[1] Background facts are drawn from Plaintiff's Complaint (Doc. 3) and the docket maintained by the Clerk of this Court.

Benjamin C. Glassman, the United States Attorney for the Southern District of Ohio, confirming that he was an employee of the United States Department of the Air Force ("USAF") and acting within the scope of his federal employment with regard to the allegations made in Plaintiff's Complaint. (Doc. 1-4.) On the same date, by operation of law, the United States of America was substituted as Defendant in place of Dr. Schneider. (Notice of Substitution of the United States of America for Aaron Joseph Schneider, M.D., Doc. 2.)

Shortly thereafter, the United States filed the instant Motion to Dismiss for Failure to Exhaust Administrative Remedies. Because Plaintiff failed to first file an administrative tort claim, the United States argues that this Court lacks jurisdiction over the subject matter of Plaintiff's wrongful death and survivorship causes of action that comprise the entirety of the Complaint. Thus, they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Through counsel, Plaintiff concedes that she has "no factual or legal argument to present to oppose" the United States' Motion. (Doc. 7 at PageID 40.) Instead, she asks the Court to remand the "remaining" case back to Warren County. (*Id.*)

## II. ANALYSIS

### A. The United States' Motion to Dismiss

Rule 12(b)(1) authorizes dismissal of a claim when a court lacks jurisdiction over its subject matter. *See* Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction "in order to survive [such a] motion." *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (*citing Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)). If necessary, a court "may look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

The Federal Tort Claims Act, 28 U.S.C. § 2675(a), reads in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

Before Plaintiff can sue the United States in tort, therefore, she must exhaust her federal administrative remedy. "The administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional." *Schaefer v. Hills*, 416 F. Supp. 428, 429 (S.D. Ohio 1976); *Walls v. United States*, No. 1:07-CV-674, 2007 WL 4365413, at *1 (S.D. Ohio Dec. 11, 2007); *see Roberts v. United States*, 191 F. App'x 338, 344 (6th Cir. 2006).

In support of its Motion, the United States has filed the Declaration of Patrick J. Wells, Colonel, United States Air Force, who serves as the Chief of the Claims & Tort Litigation Division of the Air Force Legal Operations Agency. (Doc. 5-1.) Colonel Wells avers that he has searched the relevant records and has determined that "no tort claim has ever been submitted to the Air Force by either SHANDRA FORSHA or KEVIN FORSHA." (*Id.* at PageID 36–37.)

The Court finds that Plaintiff has not complied with the administrative exhaustion requirement of § 2675(a). Absent such compliance, the Court lacks subject matter jurisdiction over the wrongful death and survivorship causes of action she asserts against the United States. Therefore, the United States will be dismissed from the Complaint.

**B. Plaintiff's Motion to Remand**

In the event the Court grants the United States' Motion to Dismiss, Plaintiff asks the Court to "exercise its discretionary power to aid in the administration of justice" and remand the case back to Warren County. (Doc. 7 at PageID 40–41 (citing *Carnegie-Mellon Univ. v. Cohill*,

484 U.S. 343 (1988).) Under the circumstances here, however, remand is not discretionary, but, rather, *required*.

This civil action—sounding in common law tort— properly was removed to the Southern District of Ohio because Plaintiff sued, among others, an officer in the United States Air Force. Following removal, the United States properly was substituted for that officer because he was acting in the scope of his duties with respect to the events about which Plaintiff complains. And, because Plaintiff failed to exhaust her administrative remedies as required by the Federal Tort Claims Act, the United States properly was dismissed from her Complaint. Now, however, subject matter jurisdiction is lacking in this Court, inasmuch as the dispute that remains is between citizens of the same state.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c) (emphasis added); *see Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("[T]he court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion."). With the United States dismissed from the Complaint, the Court lacks subject matter jurisdiction to preside over an action in tort between citizens of the same state. Remand is obligatory.

## III. CONCLUSION

For the reasons set forth above, Defendant United States of America's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 5) is **GRANTED** and the Complaint against the United States is **DISMISSED WITHOUT PREJUDICE**. And, pursuant to 28 U.S.C. § 1447(c), the Clerk is **ORDERED** to **REMAND** this civil action to the Warren County, Ohio Court of Common Pleas.

**IT IS SO ORDERED**.

Dated: December 7, 2017

S/Susan J. Dlott__________________
Judge Susan J. Dlott
United States District Court